

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 50152 ✓<br>04 C 50155 | DATE | 9/27/2004 |
| CASE TITLE | U.S.A. vs. MEYER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the orders of the bankruptcy court are affirmed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 9-28-04 date docketed | 16 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. ✓ | | 9-28-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# ORDER

Appellant, the United States of America, appeals orders in two Chapter 13 bankruptcy cases (In re Hahne and In re Gollehon) which disallowed the Internal Revenue Service's (IRS) proofs of claim for being late filed. This court has appellate jurisdiction pursuant to 28 U.S.C. §158(a). Findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. Mungo v. Taylor, 355 F.3d 969, 974 (7th Cir. 2004). The facts are not in dispute. The cases on appeal (Nos. 04 C 50152 and 04 C 50155) have been consolidated. Appellant requested oral argument. That request is denied.

In In re Hahne, the debtor filed for relief under Chapter 13 of the Bankruptcy Code on October 31, 2002. On November 3, 2002 the clerk of the court mailed a letter to the IRS service in Kansas City, Missouri, an address provided by the debtor that is not the correct IRS office for bankruptcy notices. The letter announced the debtor's bankruptcy and a deadline of April 29, 2003 for governmental units to file proofs of claim. The IRS did not receive notice of the debtor's bankruptcy or the filing deadline, missing the April 29, 2003 deadline. When the IRS finally did receive notice on August 22, 2003, it filed a proof of claim on September 4, 2003.

In In re Gollehon, the debtors filed Chapter 13 bankruptcy on December 26, 2002. The debtors did not list the IRS as a creditor and consequently the clerk of court did not notify the IRS of the bankruptcy or the deadline of June 24, 2003 for governmental units to file proofs of claim. The IRS received notice on October 29, 2003 and filed a proof of claim on November 21, 2003.

In each case, the trustee/appellee, Lydia Meyer, objected to the IRS's proof of claim as being late filed. The bankruptcy court, relying on its prior oral ruling in the case of In re Fare, No. 99-50683 (Bankr. N.D.Ill. May 11, 2001) (Barbosa, J.) (in turn relying on In re Trembeth, 205 B.R. 909 (Bankr. N.D. Ill. 1997) (Barliant, J.)) found that the deadline for filing proofs of claim barred the late filed claims, even though the creditor had no notice of the deadline, and also found that the IRS's debt in each case would not be discharged by the completion of the debtors' Chapter 13 plans because of the lack of notice.

Appellant argues that because notice was not provided, the time for filing a proof of claim should not be said to have run against the IRS. Appellant argues that since the debtors in Gollehon failed to list the IRS as a creditor, they failed to meet their responsibility pursuant to Fed. R. Bank. P. 1007(a)(1), and consequently the 180-day period in Fed. R. Bank. P. 3002(c)(1) did not run against the IRS. Appellant argues that since the debtor in Hahne did not provide a correct address for notice of bankruptcies to the IRS, not checking with the clerk of the court to see if the IRS's address was on file pursuant to Fed. R. bank. P. 5003(e), that he failed to meet his responsibility under Fed. R. Bank. P. 1007(a)(1), and consequently the 180-day period in Fed. R. Bankr. P. 3002(c)(1) did not run against the IRS. Appellant argues that notice is required for the 180-day period to run as the language of Fed. R. Bankr. P. 3002(c)(1) allows for an extension of the period on motion by the governmental unit, and the governmental unit cannot make such a motion without notice. Therefore, although the IRS's proofs of claim were filed after the bar date, they should not be considered late filed.

This case is about what happens to the debt of a creditor in a Chapter 13 case when the debtor fails to properly notify the creditor of the filing of the bankruptcy and of the claims bar date and the creditor finds out about the case too late to file a proof of claim before the bar date. Appellant wants to be able to have its claim paid through the Chapter 13 plan. It argues that because it never received notice, the 180-day claim period never began to run against it and, therefore, its proof of claim was timely filed. Since it is a priority claim under 11 U.S.C. § 507 (a) (8), it would be entitled to full payment over the course of the plan. 11 U.S.C. § 1322 (a) (2). If the debtors fulfill their obligations under their plans, the IRS gets paid in full, debtors are discharged at the end, and nonpriority unsecured creditors get less under the plan. The bankruptcy court did not allow the claims to be treated as timely filed. Instead, it found that the lack of adequate notice resulted in the debts to the IRS not being provided for by the plan and, therefore, not being subject to discharge under 11 U.S.C. § 1328 (a). See In re Trembath, 205 B.R. at 914. While there are cases indicating a lack of notice to a creditor should allow a late filed claim to be treated as timely, see In re Chapman, 265 B.R. 796, 810-11 (Bankr. N.D. Ill. 2001) (Schmetterer, J.), aff'd, 2002 WL 818300 (N.D. Ill. Apr. 30, 2002) (Leinenweber, J.), the Bankruptcy Codes provisions denying a discharge of a debt not "provided for by the plan", 11 U.S.C. § 1328 (a), protects the creditor who did not receive notice from being treated in a fundamentally unfair manner.[1] "Fundamental fairness" does not require the IRS's claims to be included for payment through the plan. It can seek relief from the automatic stay of 11 U.S.C. § 362, realize on it's debt against property of the debtors revested in them after confirmation, see 11 U.S.C. § 1327 (b), or proceed against the debtors after completion of the plan or dismissal of the case. Appellant's argument would result in a claims process always subject to re-opening by a forgotten creditor, or serially by several forgotten creditors, because of an omission by the debtor. This would disrupt the administration of the estate. While it is true, that as a creditor with a non-discharged debt, appellant may take actions to collect which ultimately disrupt estate administration, it is these disruptions which the Code contemplates rather than a potentially endless string of new claims to be administered.

Appellant argues that an interpretation of Rule 3002 (c) which does not allow its claim to be treated as timely renders the Rule invalid as exceeding congressional authority under the enabling statute (28 U.S.C. § 2075) because it eliminates a creditor's right to collect a debt without notice. However, as noted above, the creditor's right to collect has not been denied. Appellant also asserts that because it filed a late filed claim, the claim was disallowed under section 502 (b) (9) and therefore must be discharged under section 1328 (a) as a claim "disallowed under section 502", 11 U.S.C. § 1328 (a)[2], and that the bankruptcy court lacked authority to say the debts were not discharged. Appellant says it must be allowed to have its claim treated as timely filed because treating it as a disallowed late filed claim requires discharge of the debt and discharge would be "fundamentally unfair" where timely notice was not received. However, the approach offered by appellant would result in treating creditors who did not receive proper notice and never learned of the bankruptcy differently than those who learned too late but filed a late-filed claim anyway. The better course seems to be to treat both as "not provided for by the plan." A proof of claim filed late because the creditor lacked notice in time to file timely should not be considered denied under section 502 for purposes of a section 1328 (a) discharge. If a proof of claim is filed late due to lack of timely notice, it should be treated as if it were never filed for purposes of a section 1328 (a) discharge.

For the foregoing reasons, the orders of the bankruptcy court are affirmed.

---

[1] The issue of lack of notice is regarded as a Constitutional due process issue when applied to private parties, see In re Chapman, cited in the text and cases discussed therein, and an issue of "fundamental fairness" when it concerns governmental entities. See In re Trembath, 205 B.R. at 913, n.5.

[2] Section 1328 (a) provides for "a discharge of all debts provided for by the plan or disallowed under section 502."